## LOUISE R. HAWKES
### *v.*
## JOEL V. TAYLOR.

*Opinion filed October 24, 1898.*

CONTRACTS—*implications from written contract must be the natural result of the language used.* No implication can arise from the terms of a written contract which does not naturally and reasonably result from the language used, with reference to the subject matter to which it relates.

*Hawkes* v. *Taylor,* 70 Ill. App. 255, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was a suit brought by Louise R. Hawkes, against Joel V. Taylor, on the following contract:

"This agreement, made this 26th day of May, A. D. 1885, between Joel V. Taylor, party of the first part, of Cook county, Illinois, and Louise R. Hawkes, of the same place, witnesseth:

"Whereas, the said party of the second part has this day sold and conveyed to the party of the first part all her right, title and interest in and to the following described mining property, situated in Ruby mining district, in the county of Gunnison, State of Colorado, to-wit: An undivided one-eighth of the Ruby Chief mining claim; an undivided one-eighth of the Sunset lode mining claim; an undivided one-eighth of the Arab lode mining claim; an undivided one-eighth of the Peggy lode mining claim; an undivided one-eighth of the Gem lode mining claim;

an undivided one-eighth of the Old Sheik lode mining claim; now, therefore, this agreement witnesseth, that the party of the first part is to pay, as a consideration for the conveyance of the property above described, as follows:

"*First*—Five thousand dollars ($5000) cash, which sum has already been paid over to the party of the second part.

"*Second*—The party of the first part is to have the option, within one year, to convey to the party of the second part real estate of the cash value of $10,000, the value of such real estate, in case the parties cannot agree, to be determined by arbitration, each party to select one arbitrator, and in case they can not agree they are to select a third, and the decision of two of such arbitrators shall be conclusive on the parties thereto; and in case said conveyance shall be made it shall be in full payment for the said property conveyed to the party of the first part.

"*Third*—In case said party of the first part shall not elect to make such conveyance of land as is above provided for, then the party of the first part shall be entitled to receive, out of the net profits of the property so conveyed by the party of the second part, the sum of $10,000, and after having received the sum of $10,000 aforesaid, he shall pay to the party of the second part one-half of the net profits of said property until the net profits, after first deducting the sum of $10,000, shall equal $40,000 each, and to begin as soon after the net profits amount to the sum of $1000 after the party of the first part shall have received the sum of $10,000 from such net profits, and the party of the second part is thereafter to receive each alternate $1000 of the net profits until she has received from such net profits in all the sum of $20,000:   *Provided, however*, that in case the net profits above described do not amount to the sum of $50,000 within five years from the date of this agreement, then the party of the second part shall be entitled to only one-half of the net profits, over and above the sum of $10,000 to be first deducted, that have accrued within five years from the date hereof, such sum, however, in no event to exceed the sum of $20,000.

"This agreement shall be binding on the heirs, executors, administrators and assigns of the respective parties.

JOEL V. TAYLOR,<br>LOUISE R. HAWKES."

The declaration averred that defendant did not convey the real estate and paid no profits, and that soon after the purchase of said interest he sold the same to other parties, thereby putting it out of his power to work

the said mines. Various pleas were filed, setting up, in substance, that defendant only owned an undivided one-eighth of the mine, the residue being owned by plaintiff and her associates; that a corporation was formed at their request to take the property, in which defendant held a minority of the stock; that he always stood ready to contribute his share to work the mines, but the others refused to contribute their share, etc. The court took the case from the jury by an instruction and gave judgment for defendant, which was affirmed by the Appellate Court.

D. J. HAYNES, R. M. WING, and C. C. CARNAHAN, for appellant.

GEORGE W. WILBUR, and NEWTON A. PARTRIDGE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The legal position of plaintiff is, that when the defendant conveyed his interest to the corporation he at once became legally liable to pay the $20,000 mentioned in the contract. The contract of sale was made May 26, 1885, and soon after negotiations were opened between the individual owners in regard to the formation of a corporation and the transfer of their respective interests to it. This was accomplished in September, 1885. Stock was issued to each, respectively, in proportion to such interest. The plaintiff transferred her interest in the mine to the corporation, received her share of stock, and, together with her husband and the defendant, was elected a director of the company thus formed. The corporation worked the mine for over a year, but at considerable loss. The defendant and others personally advanced money to the corporation to aid in the development and working of the mine, but the board of directors finally ordered the work to stop when the money on hand was exhausted. The plaintiff offered to show the mine was not properly

worked, which the court refused to allow. The defendant paid $5000 cash on the contract, and was to have the option, within one year, to convey to the plaintiff $10,000 worth of real estate, the value of which was to be determined as provided by the contract. In case he did not so elect to convey the property, then, after defendant should have received $10,000 out of the net profits, he was to pay to plaintiff one-half the net profits of said one-eighth interest until she should have received $20,000, or, in case the net profits of such interest within five years did not enable him to pay such sum, then she was to receive one-half the net profits over said $10,000.

Construing this contract in the light of the language used, the amount the defendant paid in cash, the speculative nature of the enterprise and the early formation of the corporation, in which plaintiff became interested as a stockholder and officer, it is evident the parties did not contemplate or use language to require the defendant to proceed, at his own expense, to work said mine in order to procure such profits. The act of the plaintiff in joining the defendant, her husband and others in the formation of a corporation soon after the execution of the contract, for the purpose of uniting all interests, shows very clearly she had no such view of the contract. Besides, the nature and amount of the undivided interest that she conveyed, together with the speculative character of the enterprise and the well known uncertainty of results, all contribute to exclude, rather than to raise, the implication that the defendant agreed to work said undivided interest in said mine at his own expense in order to secure such profits. It is not claimed that by the express provisions of the writing the contract required the defendant to work the interest at his own expense. No implication can arise from the contract itself, as the natural and reasonable result of the language used with reference to the subject matter to which it relates, that would authorize or require such a construction of this

contract. Bouvier defines implied contracts as being such as reason and justice dictate and which the law presumes that every man undertakes to perform. There is in this agreement, by its terms and language, an entire absence of such elements as would constitute an implied contract or require the defendant to work that interest at his own expense.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*